IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KELLY KING,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RECREATIONAL EQUIPMENT, INC.,<br><br>　　　　　Defendant. | CV 16–27–M–DLC<br><br><br>ORDER |

Before the Court are multiple motions in limine filed by the parties. For the reasons described below, these motions will be granted in part and denied part.

## I. Defendant's Motions in Limine

Defendant Recreational Equipment Inc., ("REI") moves to exclude all evidence, testimony, and argument, or reference by the parties, their counsel, the witnesses, or anyone else during trial concerning six areas.

**A. King's Past Job Performance**

REI first moves to bar all questioning, testimony, or introduction of documents related to Plaintiff Kelly King's ("King") past job performance other than her performance regarding the discount policy violations and the investigation regarding the violations. This motion is denied. The Court finds

-1-

that this evidence is relevant to King's claim that REI applied its employment policies arbitrarily.

**B. Testimony of Caryn Youngholm**

Next, REI seeks to exclude the proposed testimony of Caryn Youngholm ("Youngholm") in three general areas. First, REI argues that Youngholm's testimony regarding King's pre-July 2015 job performance and her termination should be excluded because it is not relevant to her termination. Further, REI maintains that Youngholm does not have personal knowledge of these subjects. This evidence may be relevant and admissible, provided that King can establish the requisite foundation for Youngholm's knowledge on this subject. Thus, the Court reserves ruling on this motion.

Second, REI states that Youngholm's testimony concerning another alleged discount policy violation where the employee in question was not terminated should be excluded. REI contends that this proposed testimony lacks foundation and relevance. Again, the Court will reserve ruling on this motion until the evidence is presented at trial.

Third, REI asks that the Court exclude all testimony of Youngholm which relates to how John Mulheran ("Mulheran") treated other REI employees and how they were afraid of him. The Court is skeptical that Youngholm's testimony

concerning how Mulheran treated other employees is relevant to King's claims. Here, the issue is how Mulheran treated King. It is unlikely this evidence will be allowed; however, the Court reserves ruling on this motion until trial.

### C. Training Manual for Asset Protection Employees

REI next moves to exclude all evidence related to a manual Andy Panfil ("Panfil") received during training on interview and interrogation techniques in the retail setting. REI maintains that this manual is irrelevant and prejudicial. The Court denies this motion because this manual and the training techniques described in it, may be relevant to the circumstances surrounding the interview of King by Panfil, and whether King lied during her interview, or whether she misspoke out of stress or perceived pressure from Panfil.

### D. King's Job Promotion Argument

REI also moves to exclude all evidence on King's damage theory based on her contention that she would have been promoted to a store manager. REI contends that this testimony would be pure speculation. As discussed in this Court's Order denying REI's Motion for Partial Judgment, the Court will allow King to present this claim for damages and leave it to the jury to decide this issue. The Court will give an instruction on speculative damages. This motion is denied.

### E. Discovery Objections

REI moves to exclude all argument, questioning, or statements regarding discovery objections. King does not oppose this motion, and thus it is granted.

### F. King's Alleged Emergency Room Visit

Lastly, REI seeks to exclude all argument, testimony, and questioning regarding King's alleged trip to the emergency room during the course of REI's investigation. REI states that King declined to produce records related to her alleged hospital visit during discovery arguing that the records were privileged and not likely to lead to admissible evidence. King responds that she was willing to produce the records and waive privilege if REI would stipulate to the record's relevance. The Court will hear argument on this motion at the Final Pretrial Conference.

## II. Plaintiff's Motion in Limine

King's sole motion in limine seeks to exclude all after-acquired evidence, and all evidence of reasons for termination other than the reasons listed in REI's discharge communication. Specifically, King moves to exclude evidence that she violated REI's policy prohibiting an employee from making purchases with another person's credit card. King states that improper credit card use was not the basis for REI's decision to terminate her. Accordingly, REI should be precluded

from introducing this evidence at trial and cites to *Schwartz v. Metro Aviation, Inc.*, CV 08-32-M-JCL, 2009 WL 352599, at *5 (D. Mont. Feb. 9, 2009) ("[An employer cannot rely upon after-acquired evidence that was not known to the employer at the time of the termination to establish good cause for the termination.") (citing *Flanigan v. Prudential Federal Savings & Loan Assoc.*, 221 Mont. 419, 431, 720 P.2d 257, 264 (1986)).

However, REI contends that King's "improper credit card use" was actually a violation of the company discount policy, the same policy which served as the basis for her termination. REI, in turn, cites to *McConkey v. Flathead Electric Cooperative*, which found that "evidence offered to 'substantiate the reasons [ ] already given in [the termination] letter' are admissible." 125 P.3d 1121, 1127 (Mont. 2005) (citing *Jarvenpaa v. Glacier Elec. Co-op., Inc.*, 970 P.2d 84, 90 (Mont. 1998)).

The Court finds that arguments on this motion would be beneficial and will also address this issue at the Final Pretrial Conference.

Accordingly, IT IS ORDERED that Defendant's Motions in Limine are GRANTED in part and DENIED in part in accordance with the above Order.

Dated this 7th day of December, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court