IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KELLY KING,<br><br>Plaintiff,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC.,<br><br>Defendant. | CV 16–27–M–DLC<br><br><br>ORDER |

Before the Court is Plaintiff Kelly King's ("King") motion in limine. King requests exclusion of all after-acquired evidence, and all evidence of reasons for her termination other than the reasons listed in Defendant Recreational Equipment Inc.'s ("REI") discharge communication. The Court heard arguments on this motion during the Final Pretrial Conference. During this conference it became clear that Plaintiff seeks to exclude evidence related to two specific areas: (1) evidence that King made purchases with another person's credit card, which would violate REI's employee discount policy; and (2) evidence that King impermissibly received a 50% ProDeal discount for items other than the four t-shirts purchased as gifts for her father, her father's dentist, her former veterinarian Dr. Lisa, and Dr. Lisa's partner. For the reasons discussed below, the Court will

grant King's motion in in part and deny it in part.

**I. Credit Card Purchases**

During arguments on King's motion in limine, REI conceded that evidence concerning King's use of another person's credit card in violation of the discount policy was not known to REI at the time of her discharge and, thus, was after-acquired evidence. Nonetheless, REI contends that this evidence is still admissible because it undercuts King's argument that the four t-shirts bought in violation of the ProDeal discount policy were isolated instances. Thus, REI argues, though this would be after-acquired evidence, it tends to prove the truth of the original reason REI provided for terminating King.

Despite REI's argument, Montana case law is clear that "an employer cannot rely upon after-acquired evidence that was not known to the employer at the time of the termination to establish good cause for the termination." *Schwartz v. Metro Aviation, Inc.*, CV 08-32-M-JCL, 2009 WL 352599, at *5 (D. Mont. Feb. 9, 2009) (citing *Flanigan v. Prudential Federal Savings & Loan Assoc.*, 221 Mont. 419, 431, 720 P.2d 257, 264 (1986)). Here, it is undisputed that King's alleged credit card purchases were neither known to REI at the time she was terminated nor relied upon for her termination. Thus, because this information was not known to REI at the time at the time of termination; and was not examined at the

time of discharge, this evidence cannot be used to support termination. Flanigan, 720 P.2d at 264. Accordingly, the Court grants King's motion to the extent that REI seeks to introduce this evidence to show that her termination was for good cause.[1]

## II. Additional Items Purchased Under the ProDeal Discount

Next, King asserts that all evidence concerning purchases made with the ProDeal discount, other than the four t-shirts described above, should be excluded from trial. Specifically, King requests exclusion of a spreadsheet created by REI which lists purchases made by King under the ProDeal discount which REI flagged as questionable and additional possible violations of the employee discount policy. (*See* Doc. 14-2.) King concedes that an REI employee testified that this spreadsheet was created before King was discharged, but argues that it must be excluded because the primary basis for her termination was the four t-shirts, not these purchases. The Court disagrees.

Generally, under Montana law an employer cannot rely on reasons justifying a termination unless those reasons were "set forth in the employer's

---

[1] The Court notes, however, that *Flanigan* does not appear to address the introduction of after-acquired evidence for reasons other than to show good cause, such as for damages. Because this issue was not raised in King's motion in limine, the Court will not address it in this Order. However, if King seeks damages under the argument that she would have eventually been promoted to manager, the Court is inclined to allow this evidence in, with a cautionary instruction limiting this evidence to the damage claim only.

discharge communication; other collateral reasons are irrelevant and inadmissible as evidence." *Schwartz*, 2009 WL 352599 at *5 (citing *Galbreath v. Golden Sunlight Mines, Inc.*, 270 Mont. 19, 23, 890 P.2d 382, 385 (1995)). However, as discussed, if this evidence was relied upon and considered by the employer at the time of termination, it can be "offered . . . to substantiate the reasons it had already given" in the discharge communication. *Jarvenpaa v. Glacier Elec. Co-op., Inc.*, 970 P.2d 84, 91 (Mont. 1998).

Here, King's "Performance Improvement Process Action Form," i.e., her alleged discharge communication, stated that she was terminated because she "had purchased REI brand product at the 50% employee discount that was not for her personal use." (Doc. 22-1 at 1.) This document stated that because King had "violated REI's Pro Deal policy, [her] employment with REI will be terminated." (*Id*.) Thus, the reason offered for King's termination was misuse of the 50% ProDeal discount. Further, an REI employee stated that the items listed on the spreadsheet in question were considered when the decision to terminate King was made. As such, the Court will deny King's motion as it pertains to the spreadsheet because it was known and considered at the time of her termination, and it substantiates that reason offered in her discharge communication.

However, the Court cautions the parties that it expects that the proper

foundation will made before this evidence is offered at trial. Put another way, before the spreadsheet is offered or mentioned by the parties, testimony must be given that: (1) it was prepared prior to King's discharge; and (2) it was considered when the decision to terminate her was made.

## III. Other Issues

Lastly, the Court will address some issues raised during the Final Pretrial Conference to assist the parties in their final preparations for trial. Several witnesses listed on the parties' Will and May Call Lists were objected to for untimely disclosure, specifically REI witnesses Carolyn Peterson and Jillian Lampert, and King witness Christine St. Peter.

Under Federal Rule of Civil Procedure 26(a), the parties have a concrete obligation to promptly produce, without awaiting a request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). In addition to initial disclosures, the parties must also disclose pretrial "information about the evidence that it may present at trial other than solely for impeachment," and include "the name and, if not previously provided, the address and telephone number of each

witness." Fed. R. Civ. P. 26(a)(3)(A)(i). These pretrial "disclosures *must* be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B) (emphasis added). Further, "all disclosures under Rule 26(a) must be in writing, signed, and served." Fed. R. Civ. P. 26(a)(4). Accordingly, unless the witnesses described above were disclosed in accordance with Rule 26(a), or unless they are called *solely* for impeachment purposes, their testimony will be excluded.

Based upon the Court's understanding that these witnesses were not disclosed until the Will and May Call Lists were produced for purposes of the Final Pretrial Order—and not during the time described in 26(a)(1)(A)—the Court assumes that these witnesses will not be called unless they are called solely for impeachment purposes. The parties shall thus advise the Court by 5:00 p.m. Friday, December 9, 2016, which witnesses will be called in conformance with these rules, or whether they will be called for impeachment purposes.

Finally, concerning the matters discussed in this Court's previous Order on the Defendant's Motions In Limine and, in turn, as it relates to the evidence and witnesses discussed in this Order, that parties shall not discuss or mention this testimony or evidence in voir dire, opening statements, or during the examination of witnesses until foundation has been laid.

Accordingly, IT IS ORDERED that Plaintiff's Motion in Limine (Doc. 21)

is GRANTED in part and DENIED in part in accordance with the above Order.

IT IS FURTHER ORDERED that the parties shall advise the Court by **5:00 p.m. Friday, December 9, 2016**, which witnesses described in section III will be called, and why their testimony would comply with Federal Rule of Civil Procedure 26(a).

Dated this 8th day of December, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court